## KOHLOFF et al. v. FORD MOTOR CO.

District Court, S. D. New York.

Aug. 6, 1940.

Supplemental Opinion Oct. 2, 1940.

Murray M. Cowen, of New York City, for plaintiffs.

Drury W. Cooper, of New York City, I. Joseph Farley, of Detroit, Mich., and George F. Des Marais, and Drury W. Cooper, Jr., both of New York City, for defendant.

BONDY, District Judge.

This is a motion by the defendant for summary judgment in its favor.

The amended complaint alleges that the defendant, without paying therefor, has appropriated to its own use the idea of the plaintiff Paul Kohloff for the manufacture of a new and useful improvement and device to connect the spark plugs in an automobile with the coil box or distributor, after the disclosure of the idea and the delivery of a detailed description in concrete form to the defendant for its examination, approval and purchase. The amended complaint also alleged a cause of action for infringement of U. S. Patent No. 1,-566,143 for spark plug and coil connector and of U. S. Patent No. 1,790,101 for an electrical connector, but this cause of action has been discontinued.

It is undisputed that all communications between the parties took place by letters written by the plaintiff Kohloff to the defendant, dated June 20, 1922, November 11, 1925, and December 28, 1925, concerning his invention, and by letters written by the defendant, dated June 26, 1922, and January 22, 1926, in which the defendant replied that it was not interested in his device.

The plaintiffs contend that Kohloff disclosed his idea in concrete form to the defendant in his letters of June 20, 1922, and November 11, 1925. These letters do not sustain this contention. They establish that Kohloff did not make any disclosure of his idea but merely offered to disclose his invention. He only informed the defendant that he had invented an article that did away with insulated wires connecting the spark plugs and the coil box in automobiles, but did not describe the article. It was only after U. S. Patent No. 1,566,143 had been issued to him on December 15, 1925, and the details of his invention had thereby been published to the world, that Kohloff for the first time disclosed his invention to the defendant in a letter dated December 28, 1925, accompanied by samples thereof.

The defendant is not charged with using the plaintiffs' idea or invention before 1927. When an idea or invention has been published by the issuance of a patent embodying such invention, a subsequent disclosure thereof cannot be deemed to have been made in confidence so as to give rise to an action for the breach of such confidence and the misappropriation of the idea. Moreover, even if Kohloff disclosed his idea or invention to the defendant before the issuance of a patent thereon, the defendant still would not be chargeable with the wrongful appropriation of such idea, since the alleged wrongful use did not occur until after a patent issued to Kohloff. After the issuance of the patent, the subsequent use of the invention gives rise only to a suit for infringement, no matter whether the idea was disclosed before or after the issuance of the patent. Whether or not the plaintiffs' patents are valid and infringed is not now before the court, and no opinion is expressed with reference thereto.

The plaintiffs contend that the idea made known to the defendant by Kohloff's letters and by the samples sent to the defendant was not disclosed in U. S. Patent No. 1,566,143 issued in 1925 but in U. S. Patent No. 1,790,101 which was issued in 1931; that the defendant accordingly misappropriated an idea disclosed in confidence and such misappropriation occurred prior to the grant of a patent embodying such idea. This contention is also untenable. The amended complaint alleges that a detailed description "in concrete form" of Kohloff's novel idea which the defendant misappropriated is set forth in Exhibit "A" and the accompanying drawings annexed to the original complaint. The bill of particulars served by the plaintiffs states that "Exhibit A attached to the complaint is a verbatim copy of the specification drawing and claims affecting United States Letters Patent #1,566,143." In the letter dated June 20, 1922, Kohloff stated that he had just received word that he was at liberty to sell his "invention patent pending." The only patent application then pending was that which resulted in the first patent. In the letter dated December 28, 1925, Kohloff stated that his patent had issued December 15, 1925, and that he was submitting samples of the invention covered thereby, again expressly specifying the first patent. In a letter dated December 10, 1927, written by Kohloff's attorney to the defendant, the attorney stated that he made it his business to examine one of the defendant's new models and that the connector was ex-

actly like the one for which Kohloff held "United States Patent No. 1,566,143, dated December 15, 1925, filed as Serial No. 559,-111, on May 6, 1922, in United States Patent Office."

The plaintiffs therefore can not now successfully contend that the idea which plaintiff Kohloff disclosed to the defendant in his three communications was not revealed to the public in the first patent. This conclusion is also confirmed by a comparison of Kohloff's communications and the first patent.

The interrogatories served by the plaintiff upon the defendant do not call for any information affecting the foregoing undisputed facts. Therefore, no useful purpose can be served by withholding determination of this motion until after the interrogatories have been answered.

The plaintiff also urges that the authority of the notary before whom some of the affidavits submitted by the defendant have been verified has not been properly established and that these affidavits therefore should not be considered. The defect, if any, can easily be remedied. Moreover, the result would not be affected by an entire disregard of such affidavits.

The defendant's motion for summary judgment accordingly is granted.

### Supplemental Opinion.

After the court filed its opinion herein, the plaintiff obtained permission from a judge of this court to serve a second amended complaint. Since in these circumstances the action can not be considered as having been finally disposed of upon the merits, the defendant is not entitled to costs as the prevailing party herein.